FILED
United States Court of Appeals
Tenth Circuit

June 13, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| LOWERY WILKINSON LOWERY, LLC, et al.,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>STATE OF ILLINOIS, et al.,<br><br>    Defendants - Appellees. | No. 25-7043<br>(D.C. No. 6:25-CV-00022-RAW)<br>(E.D. Okla.) |

_____

**ORDER**
_____

    This matter is before the court on review of the appellants' docketing statement. We have identified what may be fatal jurisdictional defects with this appeal and are considering summary disposition. *See* 10th Cir. R. 27.3(B). Regular proceedings in this appeal, including briefing on the merits, are tolled pending further order of this court. *See id.* 27.3(C).

    On or before June 27, 2025, the appellants are directed to show cause in writing as to why this interlocutory appeal should not be dismissed for lack of appellate jurisdiction. 28 U.S.C. § 1291 (appellate jurisdiction limited to "final decisions" of district courts); *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) (describing final decisions as those that end the litigation on the merits and leave nothing for the court to do but execute the judgment). To respond, the appellants shall file a memorandum brief providing legal argument sufficient to establish that this court has jurisdiction to consider their appeal of

what appear to be interlocutory orders without authority for immediate appeal. *See id.* 27.3(B) (describing requirements for memorandum briefs filed in response to potentially dispositive issues identified by the court). The memorandum brief shall address only the legal issue of whether this court has jurisdiction to review the particular interlocutory orders named in the notice of appeal and no other.

The burden to establish appellate jurisdiction rests on the party asserting it, *i.e.*, the appellants. *E.E.O.C. v. PJ Utah, LLC*, 822 F.3d 536, 542 n.7 (10th Cir. 2016). The procedural fact that their petition for writ of mandamus – Case No. 25-7040 – was recently denied does not in and of itself establish this court's jurisdiction to consider purely interlocutory orders before entry of final judgment. This court may still lack jurisdiction over an appeal even after a writ of mandamus is denied.

                                                     Entered for the Court

                                                     CHRISTOPHER M. WOLPERT, Clerk